FILED
United States Court of Appeals
Tenth Circuit

December 12, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOSE FLORES,

     Petitioner–Appellant,

v.

EDDIE WILSON, Warden, Wyoming
State Penitentiary; BRUCE SALZBURG,
Attorney General of the State of
Wyoming,

     Respondents–Appellees.

No. 11-8056
(D.C. No. 2:11-CV-00125-NDF)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Jose Flores, a state prisoner appearing pro se, appeals the district court's dismissal

of his 28 U.S.C. § 2254 habeas petition as untimely. We deny a Certificate of

Appealability ("COA") and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

In 1976, Flores was convicted of first-degree murder and sentenced to death.  On appeal, the Wyoming Supreme Court reversed Flores' conviction and remanded for a new trial.  Flores v. State, 572 P.2d 746 (Wyo. 1977).  Instead of facing trial once again, Flores pled guilty to first-degree murder and was sentenced to life imprisonment.

After unsuccessfully pursuing post-conviction relief in state court in 2010 and 2011, Flores filed a federal habeas petition on April 6, 2011.  The district court dismissed the petition as untimely, noting that Flores filed the petition over a decade after the deadline mandated by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  In doing so, the district court concluded that Flores had not demonstrated exceptional circumstances to warrant equitable tolling of his untimely petition.

**II**

We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Flores must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).  We liberally construe Flores' pro se filings.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Under AEDPA, the limitations period for filing a federal habeas petition generally

runs from the date on which the state judgment becomes final.  28 U.S.C. § 2254(d).

However, "[w]here a conviction became final before the AEDPA took effect . . . the one

year limitation period for a [petition] starts on AEDPA's effective date, April 24, 1996."

Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001).  Flores' conviction became final

over three decades ago, and as such, he was required to file his petition by April 24,

1997.  There is thus no question that his 2011 petition is untimely.

Flores argues that we should toll the AEDPA statute of limitations and consider

the merits of his claims.  In this circuit, "AEDPA's one-year statute of limitations is

subject to equitable tolling but only in rare and exceptional circumstances."  Gibson v.

Klinger, 232 F.3d 799, 808 (10th Cir. 2002) (quotation omitted).  Flores asserts that his

case presents an exceptional circumstance because he was not aware that he had an

ineffective assistance of counsel claim until years after his conviction became final.

Specifically, Flores claims that counsel incorrectly informed him that he was facing the

death penalty after the reversal of his original conviction, and that he only recently

learned that this was problematic.

Regardless of how we interpret Flores' arguments, they are insufficient to justify

tolling the AEDPA statute of limitations.  The argument that Flores only recently learned

of the legal bases for his claims is meritless.  "[I]t is well established that ignorance of the

law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."

Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted).  Furthermore,

even if Flores is asserting that he only recently learned the facts necessary to bring his claim, the only source he offers for these facts is an unnamed prisoner he met in August, 2010. Absent an explanation of why he could not have discovered these facts earlier, this is insufficient. See Marsh, 223 F.3d at 1220 (equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"). Equitable tolling is therefore inappropriate.

Flores further contends that it is error to apply a "state procedural bar" to his ineffective assistance of counsel claim because he was represented at trial and on appeal by the Wyoming Public Defender's office. The issue of timeliness as it relates to Flores' petition, however, is statutory in nature and unrelated to any state procedural bar. We thus see no merit in this claim.

### III

We **DENY** a COA and **DISMISS** the appeal. We **GRANT** Flores' motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 4 -